UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DINNIKA BAHAM | CIVIL ACTION |
| VERSUS | NO. 19-13271 |
| LANDSTAR INWAY, INC., ET AL. | SECTION "R" (4) |

## **ORDER AND REASONS**

The Court has received plaintiff Dinnika Baham's motion to remand.[1] Because plaintiff has stipulated that her damages do not exceed $75,000, the Court grants the motion.

This case arises from a motor vehicle accident.[2] The suit was originally filed in Louisiana state court,[3] and then removed to this Court on the basis of diversity jurisdiction.[4] For diversity jurisdiction to exist, there must be complete diversity between plaintiffs and defendants, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). This amount in controversy is "exclusive of interest and costs," 28 U.S.C. § 1332(a), but can

---

[1]    R. Doc. 11.
[2]    *See* R. Doc. 1-1 at 1 ¶ II.
[3]    *See* R. Doc. 1-1.
[4]    *See* R. Doc. 1 at 3 ¶ II.

include attorney's fees "when the state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) (citation omitted). Given this amount-in-controversy requirement, a plaintiff can prevent removal by establishing with legal certainty that the claims are for less than $75,000 by, for instance, "fil[ing] a binding stipulation or affidavit." *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). "[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Here, the amount in controversy at the time of removal was uncertain, as, pursuant to Louisiana procedural requirements, plaintiff did not plead a sum certain of damages. *See* La. Code Civ. P. art. 893(A)(1). Now, plaintiff has filed a stipulation that "her damages do not exceed $75,000.00, exclusive of costs and fees, and is therefore precluded from recovering over that amount."[5] Plaintiff's complaint relies on claims of negligence and

---

[5] R. Doc. 13.

2

*respondeat superior*,[6] and does not reference a state statute that would allow shifting of fees. *See Ard v. Kraft, Inc.*, 540 So. 2d 1172, 1178 (La. App. 1 Cir. 1989) ("[I]n negligence concepts . . . attorney fees are not permitted." (quoting *Walker v. Maybelline Co.*, 477 So.2d 1136, 1141 (La. App. 1 Cir. 1985) (Crain, J., concurring))). Furthermore, defendants state that they "do not object to Plaintiff's Motion to Remand provided Plaintiff executes an irrevocable stipulation that her damages do not exceed $75,000, exclusive of costs and fees, and is, therefore, precluded from recovering over that amount."[7] Plaintiff's stipulation uses this exact language. The Court therefore finds remand appropriate.

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand the case state court.

New Orleans, Louisiana, this __2nd__ day of March, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6] *See* R. Doc. 1-1 at 2-3 ¶¶ IV, VI-VII.
[7] R. Doc. 12 at 1.